TAO LI, Petitioner,

v.

Alberto R. GONZALES, Respondent.

No. 06–2612–ag.

United States Court of Appeals,
Second Circuit.

Jan. 17, 2007.

Michael Brown, New York, NY, for Petitioners.

David Kustoff, United States Attorney for the Western District of Tennessee, Jimmy L. Croom, Assistant United States Attorney, Jackson, TN, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Tao Li, a native and citizen of the People's Republic of China, seeks review of a May 9, 2006 order of the BIA affirming the January 27, 2005 decision of Immigration Judge ("IJ") Gabriel Videla denying his applications for asylum, with-

holding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tao Li*, No. A96 021 547 (B.I.A. May 9, 2006), *aff'g* No. A96 021 547 (Immig. Ct. N.Y. City Jan. 27, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

Substantial evidence supports the IJ's adverse credibility finding with regard to Li's Falun Gong claim. His testimony was inconsistent with the detailed statement he gave at his "credible fear" interview in several respects, each of which was material to his claim that the police tried to arrest him for practicing Falun Gong in China. Moreover, there is no indication that the transcript of that interview was unreliable, or that the interview was in any way coercive, notwithstanding Li's allegations at his hearing that he had been nervous at the time. *See Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 396–97 (2d Cir.2005). Li's testimony at his hearing also suggested that he was unfamiliar with some of the details included in the statement attached to his asylum application, which he allegedly prepared himself,

and a consultation with the court interpreter revealed his attempt to attribute to the translator a "mistaken" statement that he had been beaten to be itself mistaken. Moreover, in light of these deficiencies in Li's testimony, the IJ reasonably found his corroboration insufficient to rehabilitate his credibility. His uncle's testimony was insufficient to establish that he was familiar with Li's claim or his alleged continuing practice of Falun Gong, even notwithstanding the IJ's concerns about the reliability of that testimony. It was also appropriate for the IJ to decline to give any weight to an unsigned, unauthenticated document, purporting to be a notice to surrender from the Village Committee in China, when an attempt to have Li provide a foundation for that document resulted in his insistence that the document was in China.

For these reasons, the petition is denied as to the adverse credibility finding, and consequent denial of asylum and withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003). We also reject Li's argument that the IJ deprived him of due process through his alleged hostility and his rejection of this evidence. These assertions are no more than duplicative allegations that the IJ made unwarranted adverse credibility findings, and find no support in the record. Finally, to the extent that Li's application was based on the theory that he would be punished for his illegal departure, and included a request for CAT relief, he has not argued these issues meaningfully in his brief to this Court and they are therefore waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request

for oral argument in this petition is DE-NIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).